**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-20483**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**EMILIANA DE LORA,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-99-CR-213-13)**

_____

April 30, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges:

PER CURIAM:[*]

Emiliana De Lora appeals her convictions for conspiracy to transport stolen vehicles in interstate commerce and aiding and abetting such transportation of one such vehicle. _See_ 18 U.S.C. §§ 2, 371, and 2312. She contends solely that the evidence is insufficient to support her convictions because there was no direct evidence showing she had knowledge of the conspiracy or voluntarily assisted any of the conspirators. De Lora claims: the Government's evidence was purely circumstantial; it was refuted by

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her testimony; and her mere relation to, or association with, members of the conspiracy was insufficient to show her complicity.

Because De Lora timely moved for judgment of acquittal, the standard of review in assessing her sufficiency challenge is whether a "reasonable jury could conclude that the relevant evidence, direct *or circumstantial*, established all of the essential elements of the crime beyond a reasonable doubt when viewed in the light most favorable to the verdict". ***United States v. Loe***, 262 F.3d 427, 432 (5th Cir. 2001) (emphasis added), *cert. denied*, 122 S. Ct. 1078 (2002); *see **Jackson v. Virginia***, 443 U.S. 307, 319 (1979).  In so viewing the evidence, the Government must be "given the benefit of all reasonable inferences and credibility choices".  ***United States v. Inocencio***, 40 F.3d 716, 724 (5th Cir. 1994).

For a conspiracy conviction, the Government must prove, beyond a reasonable doubt, the following elements:    (1) a conspiracy existed; (2) the defendant knew of it, and (3) with that knowledge, she voluntarily became part of it.  ***United States v. Williams***, 264 F.3d 561, 577 (5th Cir. 2001).  Of course, such proof "may be established by circumstantial evidence and may be inferred from concert of action".  ***Id.*** (internal quotation marks and citation omitted).  To obtain a conviction for aiding and abetting, the Government must prove, beyond a reasonable doubt, that the defendant:    (1) associated with a criminal venture; (2)

2

participated in it; and (3) "sought by action to make [it] successful". *United States v. Carreon-Palacio*, 267 F.3d 381, 389 (5th Cir. 2001) (citation omitted; internal quotation marks omitted).

The evidence, viewed in the light most favorable to the Government, was sufficient for a reasonable jury to conclude that De Lora knew of the conspiracy and voluntarily assisted others in effecting the scheme. *See Loe*, 262 F.3d at 432. During one of the criminal transactions underlying the conspiracy, De Lora's boyfriend, Ricardo Acevedo, described De Lora as his "co-investor" in a stolen 1994 Lexus sold to a dealership in Texas, requesting that a check for half of the sale proceeds be made payable to her. De Lora received and cashed the resulting $6,000 check.

Concerning the aiding and abetting conviction, the circumstantial evidence demonstrated that De Lora posed as "Sonia Pena" to facilitate the sale of a stolen 1994 Mitsubishi Montero to the Flowers Motor Company, by faxing false identification matching the counterfeit title to that car, purporting to establish her ownership and authorizing the sale. Several witnesses, including De Lora, testified she often used the name "Sonia"; and the evidence established that: she was an employee at the company from which the false documents were faxed; she was at work on the date in question; the faxes were sent from the department where she worked; there was no employee named Sonia Pena; and only employees

3

had access to the company's fax machines. Additionally, at the time of her arrest, De Lora was found driving a vehicle her uncle had obtained in exchange for a stolen vehicle as part of the ongoing scheme.

De Lora's assertion that her own testimony defeated the Government's case is unavailing. Her reasoning is essentially that the jury should have credited her testimony over that of the Government's witnesses; however, this court will not disturb the jury's credibility determinations. *See **United States v. Jaramillo***, 42 F.3d 920, 923 (5th Cir.), *cert. denied*, 514 U.S. 1134 (1995).

**AFFIRMED**

4